## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

| | |
|---|---|
| PAULETTE WEDDING, *individually and on behalf of those similarly-situated*, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-CV-28-JHM ) |
| BRIGHTON CORNERSTONE GROUP, LLC | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) ) ) |

**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**

Comes Plaintiff Paulette Wedding, by and through counsel, and, for her Class Action and Collective Action Complaint Under the Fair Labor Standards Act, 29 U.S.C. § 201 e*t. seq.* ("FLSA") and Kentucky Wages and Hours Act, K.R.S. § 337.275 *et seq.* ("KWHA"), against Defendant Brighton Cornerstone Group, LLC, states as follows:

### I.      Introduction to the Action

1.      Defendant deprived Plaintiff and similarly-situated employees of overtime compensation by not paying the full overtime rate of pay owed to the employees under the FLSA and KWHA for their overtime work. Specifically, Defendant employed Plaintiff and others to work as non-exempt employees at Defendant's nursing home facility located in Madisonville, Kentucky and, paid them hourly for their work. However, Defendant did not pay the correct amount of overtime compensation for employees' overtime work. When employees performed work at multiple base rates of pay, instead of paying one and one-half times the blended effective rate employees were actually paid, Defendant only paid overtime compensation based on the lower base hourly rate of pay. Further, Defendant paid the employees bonuses as part of their

compensation, based on certain objective criteria, such as having worked with a Covid-19 patient, or on having agreed to work an additional shift which the employee had not originally been scheduled to work. However, Defendant did not include the bonuses in calculating the overtime rate of pay, in violation of the FLSA and KWHA. Finally, Defendant did not include "on call" compensation in calculating overtime rates of pay, although such compensation was part of employees' compensation for their work. As a result of Defendant's violations of the FLSA and KWHA, the Court should award the employees their unpaid overtime compensation, liquidated damages in an additional equal amount, and attorney's fees and other litigation expenses.

## II.     Jurisdiction and Venue

2. This Court has jurisdiction under 28 U.S.C. § 1331 as Plaintiff's claims arise under federal law, including 29 U.S.C. § 216(b).

3. This Court has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under the Kentucky Wages and Hours Act ("KWHA") as they are related to Plaintiff's claims under the FLSA; they form part of the same case or controversy and arise from the same set of operative facts as Plaintiff's claims under the FLSA.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) as Defendant operates a nursing home located in Madisonville, Hopkins County, Kentucky within the District of this Court and Plaintiff worked for Defendant at that facility.

## III.    Parties

5. Plaintiff has worked for Defendant Brighton Cornerstone Group, LLC in the last three years. Plaintiff's consent to join this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit 1.

6. Throughout her employment with Brighton Cornerstone Group, LLC, Plaintiff resided and worked for Defendant in the State of Kentucky and her work was governed by the FLSA.

7. Defendant Brighton Cornerstone Group, LLC is a for-profit Kentucky limited liability company; upon information and belief, Defendant Brighton Cornerstone Group, LLC may be served by service of process on its Registered Agent, Terra W. Knight, 209 W. 4th Street, Owensboro, KY .

8. During all times relevant, Defendant was an employer as defined in 29 U.S.C. § 203(d) and an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(s).

9. Defendant employs and has employed in the last five years other non-exempt employees in the Commonwealth of Kentucky and, like Plaintiff, deprived those employees of overtime compensation owed under the FLSA and/or KWHA by not paying those employees the correct overtime rate of pay for their overtime work.

### IV.    Facts

**A.    Plaintiff Was Entitled to Overtime Compensation.**

10. Throughout her employment, Plaintiff worked a position that was non-exempt under the Fair Labor Standards Act.

11. Specifically, Plaintiff worked at Defendant's nursing home as a nurse, caring for residents of the nursing home.

12. Defendant paid Plaintiff a base hourly rate for Plaintiff's work for Defendant; Defendant did not pay Plaintiff a salary.

13. Defendant itself categorized Plaintiff as an employee whose work was non-exempt

under the FLSA and KWHA.

14. Defendant categorized Plaintiff's basis of pay as "hourly."

15. When Defendant would credit Plaintiff with having worked more than 40 hours for Defendant in a workweek, Defendant would pay Plaintiff for the hours worked in excess of 40 at the rate of one and one-half times her base hourly rate of pay.

**B.    Defendant Did Not Pay the Correct Overtime Rates of Pay, Depriving Employees of the Overtime Compensation Employees Had Earned for their Overtime Work.**

16. However, Defendant did not pay overtime rates of pay correctly.

17. Specifically, Defendant failed to pay overtime compensation in at least three ways: by paying for overtime work at a rate of one-and-a-half times the lesser of two or more base rates of pay worked by Plaintiff during the first forty hours of work, by not taking bonus compensation into account in calculating employees' overtime rate of pay, and by not taking into account "on call" compensation in calculating employees' overtime rate of pay.

**1.    Defendant Used Only the Lower of Multiple Base Hourly Rates to Calculate Overtime.**

18. For instance, attached hereto as Exhibit 2 is a true and accurate copy of a document Defendant issued to Plaintiff relating to Plaintiff's pay for Plaintiff's work during the period from April 16, 2021 through April 30, 2021 (except that redactions are made in Exhibit 2 to redact Plaintiff's address and last digits of bank account numbers).

19. During the period from April 16, 2021 through April 30, 2021, Defendant paid Plaintiff for working 105.5 hours of non-overtime work, and for working 9 hours of overtime work.

20. Exhibit 2 reflects that the non-overtime work was paid at two separate rates: 73.5 hours were paid at $23.00 per hour, and 32 hours were paid at $28.00 per hour (not counting amounts paid for items not attributed to hours of work, discussed further in Paragraphs 24 and 25

4

below).

21. Defendant paid Plaintiff for her 9 hours of overtime work at $34.50 per hour (not counting amounts paid for items not attributed to hours of work, discussed further in Paragraphs 24 and 25 below).

22. $34.50 per hour is exactly 1.5 times the $23.00 per hour rate that was the lower of Plaintiff's two base hourly rates paid for her non-overtime work during the period from April 16, 2021 through April 30, 2021.

23. Under 29 C.F.R. § 778.115, Defendant should have paid, but did not pay, Plaintiff one and one half times the weighted average rate of Plaintiff's non-overtime rates of pay during the period from April 16, 2021 through April 30, 2021.

24. During the period from April 16, 2021 through April 30, 2021, Defendant paid Plaintiff certain additional amounts, without reference to an amount of hours worked, under lines entitled as follows (and in the amounts as follows):

| | |
|---|---|
| Shift 2 | $32.00 |
| Shift 2 OT | $.85 |
| Shift 3 | $54.50 |
| Shift 3 OT | $9.92 |
| Weekend | $27.75 |
| Weekend OT | $13.50 |

25. Upon information and belief, Defendant made the payments under the lines entitled "Shift 2", "Shift 3" and "Weekend" as payment of shift differentials for Plaintiff working, during the first 40 hours of the applicable workweek, second shift, third shift, and weekend work, and made the payments under the lines entitled "Shift 2 OT", "Shift 3 OT" and "Weekend OT" as payment of shift differentials for Plaintiff working, during part or all of the 9 hours of overtime work, second shift, third shift, and weekend work.

26. Upon information and belief, the amounts Defendant paid Plaintiff for her overtime

work was, in both the period from April 16, 2021 through April 30, 2021 and in every other pay period during which she performed overtime work, less than one-and-one-half times the rate Defendant paid Plaintiff for her non-overtime work, including when the rates are calculated including the amounts not attributed to hours discussed in Paragraphs 24 and 25 above.

### 2. Defendant Improperly Disregarded Bonus Compensation in Calculating Overtime Rates of Pay.

27. In addition to not correctly calculating overtime rates of pay by relying upon the wrong base rate of pay, Defendant also failed to correctly calculate overtime rates of pay by failing to include bonus compensation in calculating the overtime rate of pay.

28. For example, attached hereto as Exhibit 3 is a true and accurate copy of an Earnings Statement Defendant provided to Plaintiff showing the amount Plaintiff received from Defendant for Plaintiff's work during the period from November 1, 2021 through November 15, 2021 (except that redactions are made in Exhibit 3 to redact Plaintiff's address and last digits of bank account numbers).

29. Defendant paid Plaintiff, together with the payment for her work performed during the period from November 1, 2021 through November 15, 2021, $350.00 for "Inct Bonus."

30. Upon information and belief, the amounts paid by Defendant and reflected on payroll documents as "Inct Bonus" were payments made to employees for performing certain types of work during the applicable pay period (in the case of Exhibit 3, the period from November 1, 2021 through November 15, 2021), such as $150.00 for working around Covid patients, or certain amounts for working shifts when the employee was not scheduled to work (i.e., being "called in" to work, such as when a scheduled employee cannot work).

31. The payments made to employees and reflected on payroll documents as "Inct Bonus" were calculated based on objective facts, such as whether the employee was assigned to

work around Covid patients or worked particular shifts.

32. In essence, these payments were effectively additional compensation to the employees for performing a different type of work, just like the higher compensation employees received for performing weekend work or second shift or third shift work.

33. Under these circumstances, an employer is required by law, including as made clear in 29 C.F.R. § 778.208, to include the bonus compensation in calculating the employee's overtime rate of pay.

34. However, Defendant never included the amounts paid for "Inct Bonus" in calculating Plaintiff's overtime rate of pay.

35. Upon information and belief, Defendant also paid Plaintiff amounts for "Hero Bonus" which were non-discretionary and constituted compensation for work performed; these amounts also should have been, but were not, included in calculating Plaintiff's overtime rates of pay for overtime work performed during the period of time over which the "Hero Bonus" was earned.

36. Upon information and belief, Defendant also paid Plaintiff sign-on bonus compensation that was promised in advance, but not paid unless and until Plaintiff worked for a certain period of time; the sign-on bonus compensation also should have been but, upon information and belief, was not, included in calculating Plaintiff's overtime rates of pay for overtime work performed during the period of time over which the sign-on bonus compensation was earned.

        **3.    Defendant Improperly Excluded "On Call" Compensation in Calculating Overtime Rates of Pay.**

37. During the period from April 16, 2022 through April 30, 2022, Defendant paid Plaintiff $40.00 for "On Call."

38. Upon information and belief, the amounts paid by Defendant and reported by Defendant as for Plaintiff having been "On Call" were amounts Defendant paid Plaintiff for being "on call" during certain periods, whether Plaintiff worked during that period or not.

39. Under 29 C.F.R. § 778.223, "[a]lthough the payment received by such employees for such 'on call' time is, therefore [(because the "on call" time is not in and of itself "hours worked")], not allocable to any specific hours of work, it is clearly paid as compensation for performing a duty involved in the employee's job and is not of a type excludable under section 7(e)(2). The payment must therefore be included in the employee's regular rate in the same manner as any payment for services, such as an attendance bonus, which is not related to any specific hours of work."

40. However, Defendant not include the "On Call" compensation in calculating overtime rates of pay.

### 4. This Action Seeks All Unpaid Overtime Compensation Owed.

41. Plaintiff has set forth above specific manners in which Defendant did not correctly follow the "regular rate" principles that the FLSA and KWHA require employers to follow in determining the correct overtime rate of pay; however, to be clear, Plaintiff alleges herein generally that Defendant did not follow those principles, and seeks all unpaid overtime compensation which Defendant should have paid but did not pay, whether or not the failure arose from one of the more specific manners described above.

### C. Defendant's Violations of the FLSA Were Willful.

42. Upon information and belief, Defendant was at all times conscious and aware that it was not paying overtime compensation correctly; its violations of the FLSA were willful.

43. For instance, beginning with the pay period of April 1, 2022 through April 15, 2022, Defendant began reporting not only the amounts it was paying Plaintiff for "Shift 2", "Shift 3" and "Weekend", but also the number of hours for which it was compensating Plaintiff for those categories of work; from this time on, Defendant no longer paid Plaintiff two separate hourly rates

8

for work designated as "Hourly", as it had in earlier time periods (as shown on Exhibits 2 and 3).

44. Attached hereto as Exhibit 4 is a true and accurate copy of an Earnings Statement Defendant provided to Plaintiff showing the amount Plaintiff received from Defendant for Plaintiff's work during the period from April 1, 2022 through April 15, 2022 (except that redactions are made in Exhibit 4 to redact Plaintiff's address and last digits of bank account numbers).

45. In the next pay period, Defendant transitioned to an even more convoluted form of reporting its pay, in which any given moment of Plaintiff's work could be reported in one of numerous categories.

46. Attached hereto as Exhibit 5 is a true and accurate copy of an Earnings Statement Defendant provided to Plaintiff showing the amount Plaintiff received from Defendant for Plaintiff's work during the period from April 16, 2022 through April 30, 2022 (except that redactions are made in Exhibit 5 to redact Plaintiff's address and last digits of bank account numbers).

47. Upon information and belief, Defendant changed the manner in which it paid overtime compensation in an attempt to avoid continuing to accrue liability to employees for the practice of paying overtime compensation at one-and-one-half times the lower of multiple non-overtime rates, and Defendant was fully aware at the time of this change that it had underpaid employees by, before the change, paying overtime compensation at one-and-one-half times the lower of multiple non-overtime rates.

48. However, Defendant did nothing to pay the employees the overtime compensation Defendant knew the employees were owed; Defendant instead made a decision to retain the illegal profits it had stolen by underpaying its employees.

**D.     The FLSA Applies to the Work of the Employees.**

49.     The work of Plaintiff and the similarly-situated employees of operating Defendant's nursing homes involved interstate commerce, including but not limited to regularly completing medical record documentation to ensure payments to Defendant involving multiple states, and Defendant is therefore subject to the FLSA with respect to Plaintiff and the similarly-situated employees.

50.     In the alternative, Defendant is subject to the FLSA with respect to all employees of Defendant.

51.     Upon information and belief, at all relevant times, Defendant's annual gross volume of sales made or business done has exceeded $500,000.00.

52.     Further, Defendant employs two or more employees who, as part of their work, handle goods and/or materials that have been transported in interstate commerce.

53.     Accordingly, Defendant meets the definition of an enterprise engaged in commerce or in the production of goods for commerce under 29 U.S.C. § 203(s).

**V.     Collective Action Allegations Relating to Defendant's Violation of the FLSA.**

54.     Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and other similarly-situated employees.

55.     Plaintiff will file a motion for notice to the similarly-situated employees, and will more fully define the requested scope of the notice and proposed collective in that motion.

56.     Plaintiff further reserves the right to redefine the proposed collective group prior to the Court's ruling on any motion by Defendant for "de-certification" of the collective group under the FLSA, as may be warranted, appropriate and/or necessary.

57.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself individually and on behalf of any individuals who opt-in to this action; Plaintiff

proposes that other employees may opt-in using the blank consent form attached hereto as Exhibit 6 (as alleged separately above, Plaintiff herself has executed a consent to bring this action, a copy of which is attached hereto as Exhibit 1).

58. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices and, as a result of such practices, were not paid for all hours worked and were not paid the full and legally mandated overtime compensation for hours worked over forty (40) during the workweek.

59. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common employee compensation, timekeeping and payroll practices, including:

   a. whether Defendant has engaged in a pattern or practice of failing to include all compensation earned for work performed in calculating the overtime rate of pay, in violation of the FLSA;

   b. whether the conduct of Defendant was willful;

   c. whether Plaintiff and members of the proposed collective group are entitled to lost wages, liquidated damages and the other relief requested.

60. Defendant failed to compensate Plaintiff and the similarly-situated employees overtime compensation at time and a half (1½) the employee's regular rate as required by the FLSA for all hours worked in excess of forty (40) per workweek, including by paying only one and one-half the lesser of multiple non-overtime rates, by not including bonus compensation in calculating overtime rates, and by not including "on call" compensation in calculating overtime rates.

61. The claims of Plaintiff are similar to those of the members of the proposed collective group, in that Plaintiff has been subject to the same conduct as members of the proposed collective group and Plaintiff's claims are based on the same legal theory as members of the collective group.

62. The Collective members are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

63. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff is similarly situated to the members of the Collective.

64. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records.

65. The similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail, email, text messaging and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.[1]

---

[1] To ensure that Defendant is aware, with respect to Plaintiff and individuals who opt-in to this action and who incur damages after the filing of this action as a result of Defendant continuing its illegal practices after the filing of this Complaint, (a) such damages will be sought in this action and (b) such continuation of the illegal practices by Defendant after the filing of the Complaint will be used by Plaintiff as further evidence of Defendant's willfulness in violating the FLSA prior to the filing of this action.

**VI.    Class Action Allegations Relating to Defendant's Violation of State Law Pursuant to Federal Rule of Civil Procedure 23.**

66. Plaintiff brings Counts II of this lawsuit individually and as a class action pursuant to Fed. R. Civ. P. 23 under the Kentucky Wages and Hours Act on behalf of herself and all similarly-situated current and former employees of Defendant who worked for Defendant in Kentucky and were not paid full compensation owed for their overtime work within the last five years, because Defendant failed to pay the full, correct overtime rates of pay.

67. Plaintiff is a member of the class she seeks to represent.

68. Defendant failed to pay Plaintiff and the members of the class she seeks to represent wages for work performed, as described herein, in violation of the KWHA.

69. Under the KWHA, employers are required to pay wages to employees, including overtime compensation to non-exempt employees for overtime work performed by such employees.

70. As Plaintiff and the similarly-situated employees were non-exempt, Defendant's refusal to pay Plaintiff and Class Members overtime compensation at a rate that included both the employees' base hourly rate of pay and bonus pay violated the KWHA.

71. Upon information and belief, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

72. All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 Class share common questions, including whether, as a result of allowing and/or requiring work during unpaid meal break periods, Defendant failed to pay employees wages (including overtime compensation) owed.

Case 4:23-cv-00028-DJH-HBB Document 1 Filed 02/24/23 Page 14 of 18 PageID #: 14

73. Plaintiff's claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3) typicality. Defendant's failure to pay Plaintiff overtime compensation was not the result of any circumstances specific to the Plaintiff. Rather, it arose from Defendant's common pay policies of not paying the full amount of overtime compensation owed, which Defendant applied generally to its employees, despite the fact that Plaintiff and the similarly-situated employees were non-exempt and entitled to overtime pay.

74. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

75. Plaintiff has retained competent counsel experienced in representing classes of employees in lawsuits against their employers alleging failure to pay statutorily required overtime compensation, thus satisfying Fed. R. Civ. P. 23(a)(4).

76. By failing to pay Plaintiff and Class Members for all hours worked, and failing to pay employees the full amount of overtime compensation earned, Defendant has created the circumstance under which questions of law and fact common to the Rule 23 Class members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff should be permitted to pursue the claims alleged herein as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## COUNT I

**Violation of the FLSA: Failure to Properly Pay Overtime Compensation**
**(On Behalf of Plaintiff and the FLSA Collective)**

77. All previous paragraphs are incorporated as though fully set forth herein.

78. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the

14

regular rate. *See* 29 U.S.C. § 207(a)(1).

79. Defendant is subject to the wage requirements of the FLSA because Defendant is an employer under 29 U.S.C. § 203(d).

80. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

81. During all relevant times, Plaintiff and the members of the FLSA Collective were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

82. During all relevant times, Plaintiff and the Collective Members were not exempt from the requirements of the FLSA.

83. Plaintiff and the Collective Members each worked more than forty (40) hours in one or more workweeks without full overtime compensation and are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

84. Defendant knowingly failed to properly compensate Plaintiff and the Collective Members by failing to pay proper overtime premiums at a rate of one and one-half (1 ½) times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

85. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

86. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II

### VIOLATION OF KY. REV. STAT. ANN. §§ 337.275, *ET SEQ.* BY NONPAYMENT OF WAGES

87. All previous paragraphs are incorporated as though fully set forth herein.

88. Plaintiff brings this claim on behalf of all members of the proposed Rule 23 Class.

89. Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. *See* KY. REV. STAT. ANN. §§ 337.275, *et seq*.

90. KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek. *See also* 803 Ky. Admin. Regs. 1:060.

91. During all times material to this complaint, Defendant was a covered employer required to comply with KY. REV. STAT. ANN. § 337.010(1)(d).

92. During all times material to this complaint Plaintiff and the Rule 23 Class were covered employees entitled to the protections of the KWHA. *See* KY. REV. STAT. ANN. § 337.010(1)(e).

93. Defendant is not exempt from providing Plaintiff and Class Members the KWHA's overtime benefits because the employees do not fall within any of the exemptions set forth therein. *See* KY. REV. STAT. ANN. § 337.285(2).

94. Defendant has violated the KWHA with respect to Plaintiff and the Rule 23 Class by, *inter alia*, failing to compensate them for all hours worked, including hours in excess of forty per workweek at one and one-half their "regular rate" of pay.

95. In violating the KWHA, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the KWHA.

96. Pursuant to KY. REV. STAT. ANN. § 337.385, Defendant, because it failed to pay

employees the required amount of wages and overtime at the statutory rate, should be found liable to the employees not only for the unpaid wages, but also for liquidated damages in an amount equal to the amount of unpaid wages.

97. Pursuant to KY. REV. STAT. ANN. § 337.385, Plaintiff and Class Members are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all other similarly situated:

a. The issuance of process, and the bringing of Defendant before the Court;

b. An order directing prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c. An order after Plaintiff is provided with an opportunity for discovery certifying under Rule 23 a class of similarly-situated employees whose rights were violated by Defendant under state law, and thereafter a judgment granting the class all relief available under applicable state law, including unpaid wages, liquidated damages, and attorney's fees and other litigation expenses, to the class

d. A jury trial on all issues of fact;

e. A judgment against Defendant in favor of Plaintiff, the members of the FLSA Collective and/or the Rule 23 Class for unpaid overtime compensation, to the fullest extent permitted under the law;

f. A judgment against Defendant in favor of Plaintiff, the members of the FLSA Collective and/or the Rule 23 Class for liquidated damages to the fullest extent permitted under the law;

g. A judgment against Defendant in favor of Plaintiff, the members of the FLSA Collective and/or the Rule 23 for litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

    h.  Such other and further relief to which Plaintiff, the FLSA Collective and/or the Rule 23 Class is entitled or which this Court otherwise deems just and proper.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
MFoster@MarkNFoster.com
*Counsel for Plaintiff*